**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| TINA RIDENOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-5109-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Tina Ridenour ("Ridenour" or "Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Defendant's" or the "Commissioner's") denial of her applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and supplemental security income ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq.* The Administrative Law Judge ("ALJ") found Ridenour had multiple severe impairments but retained the residual functional capacity ("RFC") to perform work as a Bonder, Wire Wrapper, and Document Preparer.

On appeal, Plaintiff contends the ALJ erred in finding that her depression and lower back degenerative changes did not constitute severe impairments. Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant in this suit.

Plaintiff filed her application for disability insurance benefits and SSI benefits on May 18, 2009, alleging a disability onset date of May 1, 2008. The Commissioner denied her applications at the initial claim level on June 29, 2009, and on August 31, 2009, Plaintiff requested a hearing with an ALJ. In November 2010, the ALJ held a hearing, and on July 1, 2011, he issued a decision holding Plaintiff was not disabled as defined in the Act.

Plaintiff appealed the denial to the Appeals Council of the Social Security Administration. On August 29, 2012, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2] Plaintiff contends the ALJ erred at step two by finding that her depression and lower back degenerative changes were not severe impairments.

**A. The ALJ did not err in finding Plaintiff's depression was a non-severe impairment.**

Plaintiff contends that because several medical professionals diagnosed her with Major Depressive Disorder ("MDD") and medical evidence supported these diagnoses, the ALJ erred in finding that her MDD had only a minimal effect on her ability to work. This argument lacks merit.

At step two of the sequential process, the ALJ is tasked with determining whether the claimant has a severe mental or physical impairment. A severe impairment is an impairment that significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe when it has no more than a minimal effect on

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

an individual's ability to work. 20 C.F.R. § 404.1521; Social Security Ruling (SSR) 96-3p. The impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms . . ." *Martise v. Astrue,* 641 F.3d 909, 923 (8th Cir. 2011) (quoting 20 C.F.R. § 404.1508). A medically determinable mental impairment is not severe if it results in no episodes of decompensation and no more than mild limitations in the areas of maintaining concentration, persistence and pace; social functioning; and activities of daily living. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

The claimant bears the burden of establishing that her impairment is severe. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007). Although severity is not an onerous requirement to meet, it is also "not a toothless standard." *Id*.

The ALJ properly determined that Plaintiff's MDD was not a severe impairment. As a threshold matter, an ALJ is not necessarily required to find a severe impairment simply because a medical professional diagnoses the claimant with depression. *See Buckner v. Astrue*, 646 F.3d 549, 557 (8th Cir. 2011). Rather, the ALJ must evaluate the record evidence as whole to determine whether the depression impacts a claimant's ability to work. *Id*. Here, the ALJ provided several well-supported reasons for finding that Plaintiff's depression only had a minimal effect on her ability to work. First, the ALJ found—and Plaintiff does not dispute—that in general Plaintiff's depression responded well to Prozac, R. at 14, 407-41,[3] and control of a disorder through medication vitiates against finding that the impairment is severe. *See Martise v.*

---

[3] Plaintiff attempts to analogize her case to *Holland v. Astrue* in which the court remanded a case when the ALJ failed to find that the claimant's major depressive disorder was a severe impairment. No. 5:07-cv-05068, 2008 WL 161336, at *6 (W.D. Ark. Jan. 15, 2008). In that case, however, the record contained no evidence that medication controlled Plaintiff's depression. *Id*. Here, unlike in *Holland*, there is clear evidence that Plaintiff's depression is generally well-controlled with medication. Thus, *Holland* is inapposite.

*Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the claimant's migraines did not constitute a severe impairment in part because they were controlled through medication).

The ALJ also noted numerous inconsistencies between the record evidence and Plaintiff's allegations concerning the extent of her depression. R. at 14. Contrary to her allegations of disabling limitations, Plaintiff's subjective reports and medical records indicated that her depression had either no or only a mild limitation on her activities of daily living, social functioning, and concentration, persistence, and pace. R. at 181-94, 466-67. In fact, Plaintiff stated in her disability application that her limitations arose from her physical impairments, not her mental impairments. R. at 181-94. The ALJ properly considered these inconsistencies in finding that her depression was not a severe impairment. *See Johnston v.* Apfel, 210 F.3d 870, 874-75 (8th Cir. 2000) (holding that inconsistencies between record evidence and claimant's subjective allegations of disabling limitations supported ALJ's finding a non-severe impairment).

Finally, even assuming that the ALJ erred at step two by not finding that her depression was a severe impairment, any error was harmless because the ALJ still considered her depression in formulating the RFC. R. at 18-19. After a thorough discussion of the medical evidence regarding Plaintiff's depression, the ALJ ultimately concluded that her depression imposed no functional limitations on her ability to work. *Id.* Thus, it is clear the ALJ did not err.

**B. The ALJ did not err in failing to discuss whether the degenerative changes in Plaintiff's back constituted a severe impairment.**

Similar to the preceding argument, Plaintiff also contends that the ALJ erred in failing to find that the degenerative changes in her back constitute a severe impairment. Specifically, Plaintiff argues that the ALJ's failure to discuss her back impairment in his opinion requires remand. The Court disagrees.

During the hearing with the ALJ, both Plaintiff and her attorney discussed the functional limitations from her back impairment. R. at 32-34, 36. The ALJ's opinion, however, fails to specifically address this alleged impairment. R. at 13-21.

Here, the ALJ's failure to discuss Plaintiff's back impairment does not require remand. To begin, while an ALJ should generally discuss all of a claimant's alleged impairments in his opinion, failure to do so does not necessarily indicate that the ALJ completely overlooked the impairment. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) ("[A]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered.") (internal quotation marks and citations omitted). Thus, the ALJ's failure to explicitly mention Plaintiff's back impairment in his opinion does not automatically require remand in this case.

Moreover, it appears that the Plaintiff provided insufficient evidence to demonstrate that her alleged back impairment had more than a minimal effect on her ability to work. Although Plaintiff provided some objective diagnostic tests confirming the existence of lower back abnormalities, R. at 556-69, 746, she presented no credible evidence suggesting these abnormalities impacted her ability to work. Plaintiff's own subjective complaints during her hearing were the only evidence she presented which suggested her back impairment significantly impacted her ability to work. R. at 32-34, 36. And, as the ALJ noted, R. at 19, Plaintiff's complaints of debilitating limitations were inconsistent with her working part-time as a volunteer with the Salvation Army and her decision to quit her last job for reasons other than her own disability. R. at 19. The inconsistencies between the record evidence and the claimant's subjective complaints undermine her allegations of a severe back impairment. *Cf. Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("Courts have found it relevant to credibility when a claimant leaves work for reasons other than her medical condition."); *Harris v. Barnhart*, 356

F.3d 926, 930 (8th Cir. 2004) (considering part-time work as inconsistent with claimant's allegations of disabling limitations).

In fact, the only medical evidence in the record addressing Plaintiff's functional capabilities in light of her alleged back impairment came from the consultative examiner, Dr. Dennis Estep, D.O. R. at 772-86. In his opinion, Dr. Estep explicitly acknowledged Plaintiff's history of lower back pain. R. at 776. However, after reviewing Plaintiff's medical records and examining her, Dr. Estep opined that she retained the RFC to perform a range of medium work. Ultimately, the ALJ adopted Dr. Estep's opinion as the central basis for Plaintiff's RFC. R. at 16. Through his reliance on Dr. Estep's opinion, the ALJ implicitly considered and rejected the notion that Plaintiff's alleged back impairment imposed more than a minimal limitation on her ability to work. *Cf. Bradley v. Astrue*, 528 F.3d 1113, 1115 n.3 (8th Cir. 2008) (noting that an ALJ necessarily considered a piece of evidence mentioned in a doctor's report because the ALJ relied on the report).

From the foregoing, it is apparent that the ALJ's failure to discuss Plaintiff's back impairment in his opinion was a deficiency in opinion writing rather than an outcome determinative error. *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008). Thus, remand is not required here.

### Conclusion

Because substantial evidence on the record as a whole supports the ALJ's decision, the Commissioner's denial of benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:     January 27, 2014            /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT